**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**JEANETTE R. SANDOVAL,**

**Plaintiff,**

**v.** **Civ. No. 25-1211 GJF/LF**

**UNIQUE INSURANCE COMPANY,**

**Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Amended Motion to Alter or Amend Memorandum Opinion and Order Doc. 40, and to Reconsider Dismissal of Class Complaint (Dkt. No. 43, "the motion").[1] Defendant Unique Insurance Company ("Unique") responded (Dkt. No. 46), Plaintiff replied (Dkt. No. 48), and therefore the motion is fully briefed. In the motion, Plaintiff argues that the Court should reconsider the decision set forth in its Memorandum Opinion and Order ("the MOO"), Dkt. No. 40, in which the Court granted Unique's motion to dismiss Plaintiff's claims as untimely. Plaintiff asserts that reconsideration is necessary "to correct clear error or prevent manifest injustice" under Rule 59(e). After reviewing the briefs and the law, the Court concludes that Plaintiff has not made the requisite showing for reconsideration, and the motion should be denied.

## LEGAL STANDARD

Both parties and the Court agree that Plaintiff's motion should be evaluated under Federal Rule of Civil Procedure 59(e), which provides that "[a] motion to alter or amend a judgment must

[1] The motion amends and therefore moots Plaintiff's original motion to reconsider, Dkt. No. 42.

be filed no later than 28 days after the entry of the judgment."[2] Because the motion satisfies that timeliness requirement, the Court considers it to be brought under Rule 59(e). *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e).

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds for reconsideration under Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Servants of Paraclete*, 204 F.3d at 1012.

**DISCUSSION**

Plaintiff asserts that the Court should reconsider its decision for the purpose of correcting clear error and preventing manifest injustice. Dkt. No. 43 at 2. In support of this position, Plaintiff relies on three arguments: that the Court applied the wrong legal standard on a motion to dismiss, that the Court failed to grasp that New Mexico law applies a "qualitatively different analysis" to claims involving uninsured motorist ("UM") coverage, and that the Court's ruling contradicts the New Mexico Supreme Court's holding in *Crutcher v. Liberty Mut. Ins. Co.*, 2022-NMSC-001 at ¶ 1, 501 P.3d 433. The Court addresses each argument in turn.

[2] On August 13, 2026, the Court entered both its Memorandum Opinion and Order granting Unique's motion to dismiss Plaintiff's claims and its Final Order of Dismissal. Twenty-seven days later, on September 9, 2026, Plaintiff filed the motion currently before the Court.

## I. Legal Standard on a Motion to Dismiss

As the Court stated in the MOO, on a motion to dismiss it must accept all well-pled factual allegations in the complaint as true, but it must not engage in fact-finding. Dkt. No. 40 at 3 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 309 (2007)). Plaintiff argues that the Court engaged in improper fact-finding when it described the development of New Mexico law on uninsured and underinsured motorist coverage. One portion of that discussion included the observation that litigation "involving whether or how insurers must disclose the effect of the *Schmick* offset rule," Dkt. No. 40 at 8, involved the same counsel representing Plaintiff in this case. *Id.* at 8-9, 20. Plaintiff objects, contending that in making these observations, the Court improperly relied on facts outside the four corners of her complaint and engaged in improper fact finding.

The Court sees it differently, for two reasons. First, as the Court noted in the MOO, on a motion to dismiss the Court may not only consider the well-pleaded factual allegations in the complaint but it may also take judicial notice of records filed in another court if those records are relevant to the matter at issue. Doc. 40 at 4 (citing *Bruce v. Cty. and Cnty. of Denver*, 57 F.4th 738, 741 n.3 (10th Cir. 2023)). Plaintiff does not argue that this is an incorrect statement of the law, nor does she deny that the publicly filed documents recognized by the Court show that her counsel litigated these same issues in earlier cases before other courts. Plaintiff also does not contend that such publicly filed court records are not subject to judicial notice. Far from constituting improper fact-finding, taking judicial notice of publicly available records is an accepted practice in federal court.

Second, even if it were improper for the Court to take judicial notice of counsels' prior

litigation on this issue, it would be harmless error. The Court concluded that the facts contained in Plaintiff's complaint and policy documents supported dismissal, and it reached that conclusion independent of the fact that her counsel had been litigating the *Crutcher* issue for years before she filed her complaint. Therefore, while Plaintiff's counsel's prior litigation certainly should have given them (and Plaintiff) cause to raise her claims earlier, that fact was not essential to the Court's conclusion that her claims are untimely. The Court stated:

> According to the Complaint, Unique issued Plaintiff an automobile insurance policy effective beginning May 18, 2019. Dkt. No. 1-1 at ¶ 7-8. Construing the facts in the light most favorable to Plaintiff, the Court infers that the last date upon which Plaintiff could have purchased the Policy is May 18, 2019. And it is on that date, according to Plaintiff, that Unique breached its duty to disclose the *Schmick* offset to her. Yet Plaintiff did not file her Complaint in state court until September 9, 2025, which is more than six years after she purchased the Policy—a period of time greater than the longest limitations period applicable to any of her claims.

Dkt. No. 40 at 11. The foregoing analysis contained discussion only of the allegations in the Complaint. Next, the Court considered whether the statute of limitations should be tolled by the discovery rule under which a cause of accrues when a plaintiff has either actual or constructive knowledge of facts constituting the cause of action, or that would cause a reasonable person to make an inquiry leading to the discovery of a concealed cause of action. *Id*. at 11-12. In resolving that question, the Court thoroughly analyzed the facts known to Plaintiff when she purchased her policy in May 2019, none of which included her attorneys' prior representation of other insureds. *Id*. at 13-14. The Court then considered whether those facts justified equitable tolling of the six-year statute of limitations as a result of some "extraordinary circumstance"—here, fraudulent concealment by Unique. *Id*. at 15. Based on the language of the policy at issue, the Court determined that the first two elements of fraudulent concealment were not satisfied. As for the

third element of fraudulent concealment, the Court noted that Plaintiff simply had not advanced the argument: "Plaintiff does not argue that she could not have reasonably discovered within the limitations period that she had a cause of action against Unique." Dkt. No. 40 at 16. Having failed to make that argument in response to the motion to dismiss, she may not make it for the first time in a motion to reconsider. None of the foregoing analysis relied on Plaintiff's counsel's prior knowledge from other cases, yet it was more than adequate to support the Court's decision to grant the motion to dismiss. Counsel's long-standing knowledge was simply yet another fact to which the Court could point to show that a reasonable person in Plaintiff's position would have all the facts necessary to assert her claims before the expiration of the six-year limitations period.

In sum, the Court did not improperly rely on facts outside the Complaint when ruling on Defendant's motion to dismiss.

## II. The Effect of a "Qualitatively Different Analysis" for the UM Statute on the Application of New Mexico Limitations Laws

Next, Plaintiff argues that the Court erred in giving persuasive weight to *Hollis v. Farm Bureau Prop. & Cas. Ins. Co.,* No. 25-2059, 2026 WL 555505 at *5 (10th Cir. Feb. 27, 2026) to apply New Mexico law regarding accrual of claims, equitable tolling, and the discovery rule to her claims in this case.[3] The *Hollis* court applied those principles because it found "no support for the notion that in New Mexico, statutes of limitation do not apply to actions involving insurance policies," and it was reluctant to "expand state law without clear guidance from the State's highest

[3] Plaintiff asserts that the Court erred by giving persuasive value to the Tenth Circuit's *Hollis* opinion, noting that this federal district court should rely upon state courts to interpret state law. While that is generally true as far as it goes, no state court in New Mexico has yet interpreted the precise issue of state law raised by Plaintiff. As a result, the Tenth Circuit in *Hollis* was forced to interpret New Mexico law in a manner it believed consistent with state court precedent. As a lower federal court, this Court is persuaded by the Tenth Circuit's decision to reject Plaintiff's argument.

court particularly where such an expansion would affect the important policies behind repose." *Id*. at *6. The Court remains in agreement with this analysis.

According to Plaintiff, New Mexico's "highest court has already provided [] guidance" that the Tenth Circuit Court of Appeals was wrong when it rejected "the notion that in New Mexico, statutes of limitation do not apply to actions involving insurance policies." Dkt. No. 43 at 5. But Plaintiff cites no cases involving statutes of limitation or accrual of causes of action that directly support her assertion. Instead, Plaintiff points to cases by New Mexico courts giving a broad interpretation to the state UM/UIM statutes. For example, Plaintiff highlights *Jordan v. Allstate Ins. Co*., 2010-NMSC-051, ¶ 15, 149 N.M. 162, 245 P.3d 1214, in which the state supreme court stated that "[w]hen construing the legislative intent behind our UM/UIM statute, this Court has long applied a 'qualitatively different analysis' than we use when construing many other types of statutes and insurance policies." *Jordan* explained that "[i]n a consistent line of cases, this Court has liberally interpreted" the UM statute for its remedial purposes, and that "provision of the maximum possible amount of UM/UIM coverage in every insurance policy is the default rule, and any exception to that rule must be construed strictly to protect the insured." *Id*. (internal citations and quotations omitted). Plaintiff then repeats the phrase "qualitatively different analysis" throughout her brief as a talisman against the application to her claims of traditional New Mexico law regarding accrual of claims and the discovery rule.

In advancing this argument, Plaintiff in effect is inviting this Court to rely on the "qualitatively different analysis" of the UM/UIM statute to create a new rule under New Mexico law providing that any time an insurer issues policy documents that are deficient or ambiguous, the limitation period is tolled indefinitely until the insurer informs the insured of the inadequacy

of its disclosure. The Court must decline the invitation, for two reasons. First and foremost, this argument fails because Plaintiff failed to raise it in her opposition to the motion to dismiss. *See* Dkt. No. 30, 31; *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). At no point in either briefing or at the hearing on the motion to dismiss did Plaintiff contend that her claims were timely because New Mexico cases giving a broad, remedial interpretation of the UM statute had effectuated a new rule regarding the accrual of her claim. In its response to the motion to reconsider, Defendant accused Plaintiff of raising a new argument in a motion to reconsider. *See* Dkt. No. 46 at 3-4. Plaintiff did not address the accusation in her reply. Therefore, the Court considers Plaintiff to have conceded the point.

In addition, Plaintiff's new argument fails on its merits. None of the cases Plaintiff cites for the impact of the "qualitatively different analysis" on issues relating to claim accrual contains any discussion of the statute of limitations, the accrual of claims, or the discovery rule. *See, e.g., Crutcher,* 2022-NMSC-001, ¶ 2 (holding that statutory minimum UM/UIM benefits are illusory for an insured who sustains more than $25,000 in damages by a minimally insured tortfeasor, such that an insurer may charge for such coverage only if it adequately discloses the limitations of such coverage to its insured); *Jordan*, 2010-MMSC-051 (addressing what constitutes a valid rejection of UM/UIM coverage by an insured and holding that the proper remedy for invalid rejection is reformation of the policy); *Arnold v. Farmers Ins. Co. of Ariz.*, 827 F. Supp. 2d 1289 (D.N.M. 2011) (concluding that Uninsured Motorist Act provided coverage for loss-of-use damages, but not for theft of personal property); *Padilla v. Dairyland Ins. Co*., 1990-NMSC-025, 109 N.M. 55, 787 P.2d 835 (finding that while an insurer may decide not to contract with any particular person, any policy it does issue cannot be limited except as permitted by statute or regulation); *Federated*

*Serv. Ins. Co. v. Martinez*, 529 Fed. App'x 954 (10th Cir. July 19, 2013) (concluding, after certification of question to New Mexico Supreme Court, that insurance policy provided UM/UIM coverage to employee of insured where insurer failed to obtain effective rejection of UM/UIM coverage from insured); *Romero v. Dairyland Ins. Co*., 1990-NMSC-111, 111 N.M. 154, 803 P.2d 243 (concluding that insured's rejection of UM coverage was invalid where insured was never given a copy of application that contained rejection, the declaration page made no mention of rejection, and insured was unsophisticated). None of the foregoing cases supports Plaintiff's position that the Court has committed clear error by applying well-settled New Mexico law on accrual of claims to Plaintiff's claims in this case solely because those claims relate to UM/UIM benefits.

The Court again respectfully declines Plaintiff's invitation to create a new rule of accrual for UM claims that is separate and distinct from those rules applicable to other types of claims under New Mexico law.

### III. Proper Interpretation of the New Mexico Supreme Court's *Crutcher* Opinion

Plaintiff also contends that in *Crutcher*, 2022-NMSC-001, 501 P.3d 433, the New Mexico Supreme Court has "given guidance on what an insured is reasonably expected to understand in an insurance policy," and that its reasoning has changed statute of limitations law applicable to UM cases. Dkt. No. 43 at 6. Plaintiff's argument here, *see* Dkt. No. 43 at 6, like her opposition to the motion to dismiss, *see* Dkt. No. 30 at 1, is that the *Crutcher* decision made clear that "ordinary consumers . . . cannot be expected to understand complex insurance doctrines such as the *Schmick* offset." *Id*. According to Plaintiff, a consumer's lack of understanding of the complexities of insurance law means that the consumer's claim for violation of the disclosure rule created in

*Crutcher* does not *accrue* until the insurer informs the insured in plain terms of the nature of the *Schmick* offset and the illusory coverage it provides when the insured carries the minimum amount of UM/UIM coverage. Plaintiff asserts:

> By the very finding in *Crutcher*, the nature of being illusory creates the appearance of providing information without meaningfully making that information available. In that sense, the very nature of being illusory prevented the insured from obtaining the information purportedly conveyed. Not only did Plaintiff plead she was never provided with the required information by her insurer, …but *Crutcher* confirms the same.
>
> *Crutcher*'s finding that the prior disclosure was illusory cannot be reconciled with this Court's finding that it was sufficient to place the insured on notice they were being cheated. These are two inconsistent holdings. Thus, this Court has effectively ruled that the prior disclosure was adequate, contrary to the Supreme Court of New Mexico's holding in *Crutcher*.

Dkt. No. 48 at 5.

The Court disagrees with Plaintiff's interpretation of *Crutcher*. Under the Court's reading, *Crutcher* involved the legal question of how an insurer must offer or disclose UIM coverage to an insured; it did not address accrual of claims or the well-established discovery rule, which asks at what point the insured has the necessary *facts* to assert her claims. *See Gerke v. Romero*, 2010-NMCA-060, ¶ 10, 148 N.M. 367, 237 P.3d 111. This Court did not hold that Unique's disclosure was adequate; it simply held that the facts available to Plaintiff on the day she received her policy provided the basis of her claims regardless of her knowledge, or lack thereof, that *the law* gave her a cause of action under those known facts. Plaintiff's reading of *Crutcher* would suspend accrual of claims until the insured learns about the specific New Mexico insurance law that gives rise to her claims.[4] New Mexico courts have long held, however, that lack of knowledge of *the law* does not toll, suspend, or otherwise postpone the statute of limitations and that "[t]he key consideration under

[4] It is worth remembering that Plaintiff's counsel has conceded that lawsuits featuring claims like those Plaintiff brought here began to be filed well before *Crutcher* was ever decided. *See* Mem. Op. and Order, Dkt. No. 40 at 8-9.

the discovery rule is the factual, not the legal, basis for the cause of action." *Coslett v. Third St. Grocery*, 1994-NMCA-046, ¶ 24, 876 P.2d 656, 664; *see also Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073 at ¶ 8, 306 P.3d 524 ("With regard to the discovery rule, our case law thus plainly differentiates between discovering the existence of predicate facts to a cause of action and discerning the theory of law under which to proceed."); *Maestas v. Zager*, 2007-NMSC-003 at ¶ 21, 141 N.M. 154, 152 P.3d 141 ("The action accrues when the plaintiff knows or should know the relevant facts, whether or not the plaintiff also knows that these facts are enough to establish a legal cause of action."). As long as Plaintiff had access to the facts underlying her cause of action, her "ignorance of her legal rights" does not toll the statute of limitations. *Coslett*, 1994-NMCA-046, ¶ 24. Notwithstanding these longstanding principles, Plaintiff wishes to adopt a new rule, prohibiting conventional application of the statute of limitations to UM/UIM claims.

Plaintiff does not address the practical effects of abandoning the established rules for accrual of claims. Under her proposed new rule, insureds would lack the necessary facts to bring an inadequate disclosure claim until the insurer provides them with a revised disclosure explaining in layperson terms that the *Schmick* offset applies to their policy, even if this occurs many years after the policy has expired. Importantly, "time limitations" in the insurance context "serve multiple purposes." *See Whelan v. State Farm Mut. Auto. Ins. Co.*, 2014-NMSC-021, ¶ 12, 329 P.3d 646, 649. Statutes of limitations promote "basic fairness to the insurer" and encourage "promptness in instituting a claim, suppressing stale or fraudulent claims, and avoiding inconvenience." *Id.* (quoting *Roberts v. Sw. Cmty. Health Servs.*, 1992-NMSC-042, ¶ 25, 837 P.2d 442) (alterations omitted). Plaintiff's new rule would have the Court ignore the practical effects of abrogating the discovery rule in inadequate disclosure cases without explicit directive from the New Mexico Supreme Court.

At least thus far, there is no reason to think that the New Mexico Supreme Court would adopt a broad rule prohibiting application of the statute of limitations in the insurance context – in contravention of long-established statute of limitations precedent.

For all the foregoing reasons, the motion to reconsider will be denied.

## IV. Motion to Certify to New Mexico Supreme Court

Plaintiff has filed an opposed motion to certify to the New Mexico Supreme Court the issue of whether longstanding New Mexico law concerning the accrual of claims and the discovery rule applies to claims arising from the allegedly inadequate disclosure of illusory underinsured motorist coverage. *See* Dkt. No. 49. In *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974), the Supreme Court held that use of a state's certification procedure "rests in the sound discretion of the federal court."

Plaintiff chose to file her motion *after* Unique's motion to dismiss was fully briefed, *after* the Court held oral argument on the motion to dismiss, *after* the Court entered the MOO, and *after* Plaintiff's motion to reconsider the MOO was fully briefed. Plaintiff characterizes this as an "unusual juncture" at which to file a motion to certify a question of law to the state supreme court. Dkt. No. 49 at 1 n.2. For its own part, the Court characterizes it as untimely. The appropriate juncture to ask a federal district court to certify a legal question to the state supreme court is before the district court gives an adverse ruling. Therefore, Plaintiff's motion to certify will be denied as untimely. As the Eighth Circuit stated in *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 210 (8th Cir. 1987):

> The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present.

*See also In the Matter of the Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984) (stating that ordinarily a party should not be allowed a "second chance at victory" after the district court has decided the issue sought to be certified); *Harris v. Karri-On Campers, Inc.,* 640 F.2d 65, 68 (7th Cir. 1981) (concluding that certification after case is tried would only prolong litigation). *See also Massengale v. Okla. Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994) (stating that the Tenth Circuit "generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court.").

Accordingly, Plaintiff's motion to certify a question to the New Mexico Supreme Court, Dkt. No. 49, will be denied as untimely.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion to Alter or Amend Memorandum Opinion and Order Doc. 40, and to Reconsider Dismissal of Class Complaint, Doc. 4 (Dkt. No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Controlling Question of New Mexico Law to the New Mexico Supreme Court (Dkt. No. 49) is **DENIED**.

**UNITED STATES MAGISTRATE JUDGE**
***Presiding by Consent***